**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Grissom, et al., | ) | No. CV-09-00728-PHX-DGC |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| Freeport-McMoran Corp., et al., | ) | |
| Defendants. | ) | |

Plaintiff Tracey Grissom has filed a motion to extend the expert witness disclosure deadline in this case. Dkt. #47. Plaintiff's motion was filed three days after the January 16, 2010 deadline for disclosing her experts. *See* Dkt. ##32, 47. Defendant has filed a response. Dkt #48. Plaintiff's motion seeks to extend the expert disclosure deadlines 45 days. For the reasons set forth below, the Court will deny the motion.

At a case management conference held on September 9, 2009 pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court established a firm schedule for this litigation. The Court explained at the conference that it would not be inclined to grant extensions of the schedule. The Case Management Order entered after the conference contained the following paragraph:

> The Deadlines Are Real. The parties are advised that the Court intends to enforce the deadlines set forth in this Order, and should plan their litigation activities accordingly.

1  Dkt. #22, ¶10. The Case Management Order established an expert disclosure deadline of
2  November 16, 2009.

3  Plaintiff subsequently sought a 60-day extension of all deadlines because Plaintiff
4  Tracey Grisson underwent gall bladder surgery in October of 2009. The Court granted
5  Plaintiff's request and extended the expert disclosure deadline to January 16, 2010. Dkt. #32.
6  The Court again warned that the deadlines were real. *Id.* ¶9.

7  Plaintiff now seeks a second extension of the expert disclosure date because of the gall
8  bladder surgery in October (which was a four-hour out-patient procedure) and unexpected
9  kidney surgery of co-counsel in early November. Dkt. #47. As Defendant notes, however,
10 co-counsel was back to work in early December and covered Plaintiff's deposition on
11 December 9, 2009. Dkt. #48. Plaintiff also asserts that Defendant's forensic discovery of
12 her computer hard drive consumed a significant amount of time, but provides no explanation.

13 Rule 6 provides that "[w]hen an act may or must be done within a specified time, the
14 court may, for good cause, extend the time . . . on motion made after the time has expired if
15 the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(2). Plaintiff waited
16 until after the expert deadline had expired before seeking an extension. She has not shown
17 excusable neglect. Plaintiff was well aware of the deadline, having obtain one extension
18 already, and the events upon which she bases her request – two surgeries and the hard
19 discovery issues – occurred well before the deadline arrived. The Court will deny the request
20 under Rule 6 for failure to seek an extension before the deadline arrived.

21 The Court will also deny the request for failure to show good cause. Rule 16 requires
22 district judges to enter case management schedules and provides that such schedules "may
23 be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4); *see Johnson v. Mammoth*
24 *Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "Good cause" exists when a deadline
25 "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R.
26 Civ. P. 16 Advisory Comm.'s Notes (1983 Am.). Thus, "Rule 16(b)'s 'good cause' standard
27 primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d
28 at 609. Plaintiff has not shown that she was unable to meet the expert disclosure deadline

through an exercise of reasonable diligence.

This case has been pending for more than nine months. In late August of 2009, Plaintiff joined in the parties' proposal that experts be disclosed on November 16, 2009. Dkt. #16. The Court accepted the proposal. Dkt. #22. Plaintiff then obtained an a two-month extension to January 16, 2010. Dkt. #32. The Court twice informed her that the deadline was real and would be enforced. Dkt. ##22 ¶10, 32 ¶9. Plaintiff has now let the deadline pass. Her surgery in early October, co-counsel's surgery in early November, and the requirements of discovery concerning her computer hard drive do not in any respect show that Plaintiff was unable to meet the January 16 deadline through the exercise of reasonable diligence. Plaintiff has not shown good cause to extend the deadline.

"In these days of heavy caseloads, trial courts . . . set schedules and establish deadlines to foster the efficient treatment and resolution of cases." *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). "Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders[.]" *Id.* "As the torrent of civil and criminal cases unleashed in recent years has threatened to inundate the federal courts, deliverance has been sought in the use of calendar management techniques. Rule 16 is an important component of those techniques." *Johnson*, 975 F.2d at 611.

**IT IS ORDERED** that Plaintiff's Second Motion to Extend the Deadline for Disclosure of Expert Witnesses (Dkt. #47) is **denied**.

DATED this 29th day of January, 2010.

David G. Campbell
United States District Judge