1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tracey O. Grissom, et al., | No. CV-09-00728-PHX-DGC |
| Plaintiffs, | **ORDER** |
| vs. | |
| Freeport-McMoran Morenci Inc., et al., | |
| Defendants. | |

Defendant Freeport-McMoran Morenci Inc. has filed a motion for summary judgment on all Plaintiffs Tracey O. Grissom and David Grissom's claims. Doc. 69. The motion is fully briefed. Docs. 89, 97. Freeport-McMoran has also filed a motion to strike Plaintiffs' statement of facts and the declarations of Plaintiffs. Doc. 97. For reasons that follow, the Court will grant in part and deny in part Freeport-McMoran's motion to dismiss (Doc. 69) and will deny its motion to strike (Doc. 97).[1]

**I.    Background.**

Plaintiffs allege that while working for Freeport-McMoran, Ms. Grissom was subject to cruel and inhumane treatment by her supervisors and co-workers based on her gender. *Id.* at 2-4. Plaintiffs allege that Ms. Grissom worked in the "tank house" – a particularly dangerous environment that required employees to wear substantial safety equipment – and

---

[1] Freeport-McMoran's requests for oral argument are denied. The parties have fully briefed the issues and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

received disparate treatment because of her gender. Plaintiffs also allege that she was sexually harassed by her co-workers and supervisor, Robert Kinnebrew. Plaintiffs have brought the following claims against Freeport-McMoran: (1) gender discrimination in violation of Title VII and the Arizona Civil Rights Act ("ACRA") based on Freeport-McMoran's failure to provide Ms. Grissom with proper safety equipment (Count I) and to pay Ms. Grissom the same wage as her male co-workers (Count III), (2) sexual harassment in violation of Title VII and ACRA (Count I), (3) retaliation (Count II), (4) negligent supervision and retention (Count IV), (5) assault and sexual assault (Count V), (6) intentional and reckless infliction of emotional distress (Count VI), (7) loss of consortium (Count VII), and (8) a request for punitive damages (Count VIII). *Id.* at 5-10. Freeport-McMoran seeks summary judgment on all claims. Doc. 69.

## II. Legal Standard.

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III. The Motion to Strike.

Freeport-McMoran moves to strike portions of Plaintiffs' statement of facts and two attached declarations. Doc. 97 at 3; *see* Docs. 90-4 at 2-22 and 90-5 at 1-18 (Ms. Grissom's declaration); Doc. 90-6 at 2-9 (Mr. Grissom's declaration). Freeport-McMoran argues that Plaintiffs' statement of facts violates Local Rule of Civil Procedure 56.1(b) and (2), and that the attached declarations violate Rule 56(e) of the Federal Rules of Civil Procedure and

should be stricken under the "sham affidavit" rule.

Under Local Rule 7.2(m), a party can move to strike "any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." Freeport-McMoran argues that the Court should strike numerous paragraphs of Plaintiffs' response to the motion for summary judgment because Plaintiffs fail to "set forth a correspondingly numbered paragraph indicating that they dispute [Freeport-McMoran's] particular statement" or "cite to the specific admissible portion of the record supporting their position." Doc. 97 at 3. While Freeport-McMoran may be correct that Plaintiffs' filings are not a model of clarity or accuracy, the Court cannot find that Plaintiffs' statement of facts "is prohibited" by Rule 56.1(b) and (2). Rather, it is simply non-compliant in certain places. This is an insufficient reason to strike pursuant to Rule 7.2(m).

Freeport-McMoran argues that the Court should strike Plaintiffs' declarations because they do not comply with Rule 56(e) and because many of the statements are inadmissible. Doc. 97 at 5. Freeport-McMoran argues that the declarations "contain inadmissible hearsay (in some instances, hearsay upon hearsay), speculation, conjecture, legal conclusions, irrelevant assertions, argument, mere allegations, and provide no basis to affirmatively show that the declarant is competent to testify to the matters stated therein." Doc. 97 at 6. This objection, however, is asserted only in a generalized manner, not with respect to specific portions of the declarations. Freeport-McMoran objects in a single sentence to paragraphs 4-7, 10, 12, 14-45, 51, 53, 55-56, 60-62, 64, 66-68, 71, 73, 75-76, 78, 81, 83, 86-90, 93-99, 101, 104, 107, and 110-11 of Ms. Grissom's declaration. Doc. 97 at 6. Such a generalized objection does not inform the Court of the alleged basis for striking a specific statement in a specific paragraph, and therefore provides no basis for relief. To the extent the Court relies on Plaintiffs' assertions in deciding the motion for summary judgment, the Court will consider the admissibility of those assertions.

Freeport-McMoran argues that Plaintiffs' declarations are "sham affidavits." Under the sham affidavit rule, a party may not create an issue of fact through an affidavit that contradicts deposition testimony. *Radobenko v. Automated Equip. Corp.*, 520 F.2d 540, 544

(9th Cir. 1975). This rule, however, is limited to an affidavit "that flatly contradicts earlier testimony in an attempt to 'create' an issue of fact and avoid summary judgment." *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266-67 (9th Cir. 1991).

Freeport-McMoran claims that Ms. Grissom's declaration is a sham because her current claim – that she complained multiple times about "the situation" at work – contradicts her prior deposition testimony and personal notes which make clear that Ms. Grissom never complained about sexual harassment in her workplace, withheld information, and refused to cooperate with Freeman-McMoran's attempts to investigate harassment. Doc. 97 at 8 (citing Doc. 70 at ¶ 185, Doc. 99 at ¶¶ 1-2, Doc. 70 at ¶¶ 166-67, Doc. 70 at ¶¶ 168-180, Doc. 70 at ¶¶ 185-187).

Ms. Grissom declares that she reported "the situation" to Freeport-McMoran multiple times before she quit her job. Doc. 90-5 at ¶ 94. This allegation is not flatly contradictory to statements in her deposition or notes. Of the many documents and statements to which Freeport-McMoran cites, the Court cannot find any that flatly contradict Ms. Grissom's declaration that she complained about the situation multiple times.[2] Indeed, it is clear from

---

[2] Freeport-McMoran cites multiple pages of Ms. Grissom's notes and deposition testimony. *See, e.g.*, Doc. 70 at ¶ 185, which cites Doc. 70-18 at 18 (notes that she decided, in a meeting she requested, to say nothing about her frustration and anger that Chris Morales had been hired back, despite the fact that he had thrown a metal scraper at her); Doc. 70-18 at 19 (notes that she did not say she wanted to transfer out of the tank house because of her relationship with Chris Morales); Doc. 70-18 at 20 (notes that she did not want to discuss a complaint against her for harassment until she had an attorney); Doc. 70-18 at 22 (notes that she "HELD IT IN FOR 9 MONTHS" although not specifying what she "held in"); Doc. 70-18 at 23 (notes that, in a particular interview after the incident where Chris Morales threw a metal scraper at her, she decided not to tell the interviewer about the sexual harassment she experienced); Doc. 70-18 at 24 (notes that she was afraid to tell about everything that had happened in the tank house because of possible retribution); Doc. 70-18 at 25 (notes that she refused to cooperate with a particular investigation); Doc. 70 at ¶¶ 166-67, which cite to Doc. 70-2 at 15 (testimony that she never complained about sexual harassment from her supervisor, Mr. Kinnebrew); Doc. 70-2 at 18-19 (testimony that she complained that Mr. Montoya was mean to her, but did not complain about his requests for sex to Mr. Kinnebrew because he already knew "how they were treating [her]"); Doc. 70-2 at 19 (Ms. Grissom saying she had no complaints about certain co-workers – not that she made no complaints). These individualized statements about Ms. Grissom's refusal to implicate particular

evidence other than Ms. Grissom's current declaration that she frequently complained about her treatment. *See* Doc. 70-5 at 8 (Mr. Kinnebrew stating that "[Ms. Grissom] would come to my office complaining, but she would not give me the names of the employees that was talking to her, giving her a hard time"); *id.* (Mr. Kinnebrew stating that such complaints occurred daily). The Court cannot find that Ms. Grissom's declaration is a mere sham. The Court will therefore deny Freeport-McMoran's motion to strike.

**IV. The Motion for Summary Judgment.**

    **A. Gender Discrimination Claims (Counts I and III).**

Plaintiffs contend that Freeport-McMoran discriminated against Ms. Grissom on the basis of gender by failing to provide her with adequate personal protective equipment (Count I) and by paying her less than her male co-workers (Count III). She brings her gender discrimination claim under both Title VII and ACRA.

Freeport-McMoran contends that Plaintiffs are barred from bringing any ACRA claims because Ms. Grissom did not file a charge with the Arizona Civil Rights Division. *See Ornelas v. SCOA Indust., Inc.*, 587 P.2d 266, 267 (Ariz. App. 1978) (court stating that filing a charge with the Arizona Civil Rights Division is a jurisdictional prerequisite to maintenance of an ACRA claim in court). Plaintiffs do not address this argument. The Court will grant summary judgment to Freeport-McMoran on all ACRA claims.

        **1. Legal Standard.**

To establish a prima facie case of gender discrimination under Title VII, Plaintiffs must establish that Ms. Grissom (1) is a member of a protected class, (2) was subjected to an adverse employment action, and (3) that similarly situated males were treated more favorably. *See McDonnell Douglas Corp. v. Green*, 93 S. Ct. 1817, 1824 (1973); *Bodett v. Coxcom, Inc.*, 366 F.3d 736, 742 (9th Cir. 2004).

---

individuals, or her refusal to make person-specific complaints, do not flatly contradict her statement that she did, in fact, complain on several occasions.

- 5 -

1    **2.    Analysis.**

2        **a.    Failure to Provide Protective Equipment (Count I).**

3        Freeport-McMoran argues that Plaintiffs cannot establish a prima facie case of gender discrimination under Title VII for the failure immediately to provide adequate protective equipment because they cannot show that similarly situated males were treated more favorably than Ms. Grissom.[3]  *See McDonnell Douglas*, 93 S. Ct. at 1824.  Freeport-McMoran argues that it is undisputed that it did provide Ms. Grissom with the appropriate protective equipment and that there is no evidence in the record to show that it treated male employees better than female employees in this regard.  Doc. 69 at 7.

        In moving for summary judgment on the lack of a prima facie case, Freeport-McMoran undertakes a significant challenge.  The Ninth Circuit "has explained that under the *McDonnell Douglas* framework, the requisite degree of proof necessary to establish a prima facie case for Title VII on summary judgment is minimal and does not even need to rise to the level of a preponderance of the evidence."  *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061-62 (9th Cir. 2002) (internal quotation omitted).

        Plaintiffs contend that "it was clearly communicated to [Ms. Grissom] that Defendant did not have proper safety equipment for her because she was a woman."  Doc. 89 at 17.  Plaintiffs cite to Ms. Grissom's declaration, in which she states that she received inadequate safety equipment because she was a woman, and was simply too small for much of the safety equipment.  Doc. 90-4 at 5.  Ms. Grissom states that both her supervisor and Marlo Webb, "the person responsible for placing orders and stocking [safety equipment], told [her] that the company did not stock sizes of protective gear for women because women always quit due to the working conditions in the tank room."[4]  Doc. 90-4 at ¶ 14.

---

[3] Freeport-McMoran implies that failure to give an employee proper personal protective equipment is not an adverse employment action, *see* Doc. 69 at 7, but does not expand on this argument.  As a result, the Court will not address it.

[4] The Court does not find these statements to be inadmissible hearsay.  Ms. Grissom would have personal knowledge of what her supervisor and Marlo Webb said to her, and

1  This evidence is sufficient to meet the low threshold for a prima facie case of
2  discrimination. According to Ms. Grissom, Freeport-McMoran's reason for not maintaining
3  the equipment was because women always quit. According to Ms. Grissom, she quit because
4  of the sexually harassing environment in the tank room, which was based on her gender.
5  Similarly situated males working in the tank room were provided adequate safety equipment.
6  Such allegations, if true, could be sufficient to show that Freeport-McMoran discriminated
7  against women. The Court cannot enter summary judgment against Plaintiffs for lack of a
8  prima facie case.

### b. Failure to Pay the Same Wages (Count III).

Ms. Grissom claims that she was discriminatorily paid $18.39 per hour, while her male co-workers were paid $18.44. Freeport-McMoran argues that Plaintiffs cannot prove this claim because the undisputed facts show that Ms. Grissom and her similarly situated male co-workers all made $18.39, and that the co-workers who earned $18.44 were not similarly situated. Doc. 69 at 9; *see* Doc. 70-1 at 4-6. Plaintiffs do not dispute these facts in their response. As a result, the Court will grant summary judgment on Ms. Grissom's claim that she was subjected to gender discrimination based on wages.

### B. Sexual Harassment Claim (Count I).

Plaintiffs claim that Ms. Grissom was subjected to sexual harassment in violation of Title VII and the ACRA. As discussed above, the Court will grant summary judgment in favor of Freeport-McMoran on all ACRA claims.

#### 1. Legal Standard.

The Supreme Court has made clear that sexual harassment constitutes unlawful discrimination under Title VII. *Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 66 (1986); *see Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061, 1065 (9th Cir. 2002) (en banc) (citing *Meritor*). A plaintiff may establish such a claim by proving that sexual harassment created

---

would have personal knowledge of whether the equipment properly fit. Webb's and her supervisor's statements are admissible non-hearsay under Federal Rule of Evidence 801(d)(1)(D).

a hostile work environment. *See Meritor*, 477 U.S. at 66-67; *Rene*, 305 F.3d at 1065 (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 22 (1993)). To establish a hostile work environment based on sex, a plaintiff must prove that she (1) was subjected to verbal or physical conduct, (2) that was unwelcome, and (3) that was sufficiently severe or pervasive to alter the terms and conditions of her employment and create an abusive work environment. *See Rene*, 305 F.3d at 1065 (citing *Ellison v. Brady*, 924 F.2d 872, 875-76 (9th Cir. 1991)). The work environment "must be both objectively and subjectively offensive, one that a reasonable [woman] would find hostile or abusive, and one that the [plaintiff] in fact did perceive to be so." *Faragher*, 524 U.S. at 787 (citing *Harris*, 510 U.S. at 21-22); *see Ellison*, 924 F.2d at 878-80 (adopting a "reasonable victim" standard).

**2. Analysis.**

**a. Co-workers.**

Freeport-McMoran argues that Plaintiffs cannot establish sexual harassment by Ms. Grissom's co-workers because the alleged harassing conduct was not unwelcome "in the sense that the employee did not solicit it or incite it, and in the sense that the employee regarded the conduct as undesirable or offensive." Doc. 69 at 10 (quoting *Henson v. City of Dundee*, 682 F.2d 897, 903 (11th Cir. 1982)). Freeport-McMoran argues that Ms. Grissom regularly solicited and incited sexual discussion and that she therefore cannot prove that the conduct was unwelcome.

Freeport-McMoran relies an Eleventh Circuit case, *Henson*, 682 F.2d at 903, for the proposition that conduct can be considered unwelcome only if the employee did not solicit or incite it. The Ninth Circuit, however, has found conduct to be unwelcome simply because the plaintiff complained about it. *See Nichols v. Azteca Restaurant Enterprises, Inc.*, 256 F.3d 864, 873 (9th Cir. 2001) (Ninth Circuit finding that plaintiff showed conduct was unwelcome by complaining about it to his supervisors). Here, there is at least a dispute of fact as to whether Ms. Grissom found the conduct unwelcome, given that she complained daily to her supervisor about her treatment by co-workers. *See* Doc. 70-5 at 8. Moreover, the Supreme Court has noted that "the question whether particular conduct was indeed

unwelcome presents difficult problems of proof and turns largely on credibility determinations committed to the trier of fact." *Meritor*, 477 U.S. at 68. Here, there is evidence that Ms. Grissom regularly complained about her treatment. Such evidence is sufficient to create a question of fact as to whether the conduct was unwelcome. *See Nichols*, 256 F.3d at 873.

Freeport-McMoran also argues that it cannot be liable for the alleged sexual harassment because where "[an alleged] harasser is merely a co-worker, the plaintiff must prove that the employer was negligent, *i.e.*, that the employer knew or should have known of the harassment but did not take adequate steps to address it." *Swinton v. Potomac Corp.*, 270 F.3d 794, 803 (9th Cir. 2001). Freeport-McMoran argues that it should not be liable because Ms. Grissom never complained of sexual harassment by co-workers, knowingly concealed information regarding alleged harassment, and refused to cooperate with efforts to investigate possible workplace harassment. Doc. 69 at 12.

As noted above, there is evidence that Ms. Grissom complained regularly to Mr. Kinnebrew about her treatment. Doc. 70-5 at 8. There is also evidence that Ms. Grissom complained to human resources multiple times, to several problem solving coordinators, and others.[5] *See* Doc. 90-5 at 12-13. Such evidence creates a question of material fact as to whether Freeport-McMoran knew or should have known of the alleged harassment. Summary judgment therefore is inappropriate.

### b. Ms. Grissom's Supervisor.

Freeport-McMoran requests summary judgment on Plaintiffs' claims of sexual harassment by Mr. Kinnebrew. An employer may be vicariously liable under a hostile environment theory when harassment is perpetrated by a supervisor "with immediate (or successively higher) authority over the employee." *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998). An employer, however, can "raise an affirmative defense to liability" by showing "that the employer exercised reasonable care to prevent and correct promptly any

---

[5] This evidence is admissible because it is not hearsay and because Ms. Grissom has personal knowledge of the times she complained about her treatment.

- 9 -

sexually harassing behavior," and "that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 765 (1998).

The Ninth Circuit has held that "an employer's adoption of an anti-harassment policy and its efforts to disseminate the policy to its employees establish that the employer exercised reasonable care to prevent sexual harassment in the workplace." *Hardage v. CBS Broadcasting, Inc.*, 427 F.3d 1177, 1185 (9th Cir. 2005) (internal quotations omitted). Here, it is undisputed that Freeport-McMoran had an anti-sexual harassment policy. Doc. 70-1 at 12-18. It is also undisputed that Ms. Grissom knew about it. Doc. 70-2 at 13-14 (Ms. Grissom stating that she received training and a copy of the company's guiding principles, which detail the anti-sexual harassment policy). The single fact of having such a policy, however, is not sufficient to meet the *Ellerth* defense. A defendant must also show that it took adequate corrective measures upon learning of harassment. *See Hardage*, 427 F.3d at 1186 ("The reasonable care prong of the affirmative defense also requires the employer to demonstrate that it exercised reasonable care to promptly correct sexually harassing behavior.") (quoting *Kohler v. Inter-Tel Tech.*, 244 F.3d 1167, 1181 (9th Cir. 2001)).

Freeport-McMoran does not argue that it exercised reasonable care promptly to correct the alleged harassment. Doc. 69 at 13-14. Freeport-McMoran "bears the initial responsibility of . . . identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. Because Freeport-McMoran has failed to show the Court undisputed evidence that it took care promptly to correct the alleged harassment, the Court cannot find that the *Ellerth* defense is established as a matter of law.

**C. The Retaliation Claim (Count II), Negligent Supervision and Retention Claim (Count IV), and Assault and Sexual Assault Claim (Count V).**

In response to Freeport-McMoran's motion for summary judgment on each of these claims, Plaintiffs withdrew the claims. Doc. 89 at 18. The Court will grant summary judgment on each of them.

## D. Emotional Distress Claim (Count VI).

In order to prove a claim for intentional infliction of emotional distress, Plaintiffs must prove that (1) Freeport-McMoran's conduct was extreme and outrageous, (2) Freeport-McMoran intended to cause Ms. Grissom emotional distress or acted with reckless disregard of a near certainty that such distress would result, and (3) Ms. Grissom suffered severe emotional distress as a result of Freeport-McMoran's conduct. *Wallace v. Casa Grande Union High Sch. Dist. No. 82 Bd. of Governors*, 909 P.2d 486, 495 (Ariz. App. 1995).

Freeport-McMoran argues that an employer is only liable for intentional infliction of emotional distress when it utterly fails to investigate. *Ford v. Revlon, Inc.*, 734 P.2d 580, 585-86 (Ariz. 1987). The Court agrees. In Arizona, "an employer is rarely liable for intentional infliction of emotional distress when one employee sexually harasses another." *Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1059 (9th Cir. 2007). "Liability for the employer typically attaches only when a company utterly fails to investigate or remedy the situation" – even if the actions were committed by a supervisor. *See, e.g.*, *id.* at 1059 (Ninth Circuit determining that a company was not liable for sexual harassment committed by a supervisor, and noting that the company could be liable only if it "utterly fail[ed] to investigate or remedy the situation"); *see also Revlon*, 734 P.2d at 582-83 (Arizona court determining that an employer could be liable because it completely failed to remedy the situation for over a year, despite the employee's regular complaints); *Smith v. Am. Exp. Travel Related Servs. Co.*, 876 P.2d 1166, 1174 (Ariz. App. 1994) (Arizona court finding no intentional infliction of emotional distress where the plaintiff did not tell her employer of the sexually harassing conduct of her supervisor).

The Court finds that there is a dispute of fact as to whether Freeport-McMoran failed to investigate or remedy the situation. Freeport-McMoran admits that it did not investigate Ms. Grissom's complaints until after she had left its employment. It contends, however, that it cannot be found liable for the failure to investigate sooner because it did not know of the alleged conduct until after Ms. Grissom left. Doc. 69 at 21. Ms. Grissom asserts that she adequately informed Freeport-McMoran of the alleged conduct of her co-workers by

- 11 -

complaining to human resources multiple times, to several problem solving coordinators, and to her supervisor. *See* Doc. 90-5 at 12-13; Doc. 70-5 at 8. This evidence raises a dispute of fact as to whether Freeport-McMoran was on sufficient notice of the alleged harassment that it can be held liable for an utter failure to investigate. Summary judgment is not appropriate.

Freeport-McMoran also argues that because it provided Ms. Grissom with the anti-sexual harassment policy, and because it did not know about the alleged sexual harassment until after Ms. Grissom quit her job, it cannot be found to have acted with intent or reckless disregard. Doc. 69 at 21. As discussed above, however, there is a question of fact as to whether Freeport-McMoran knew of the sexual harassment allegations before Ms. Grissom quit. If Freeport-McMoran knew, a reasonable jury could find that it acted with intent or reckless disregard. The Court cannot grant summary judgment to Freeport-McMoran on this claim.

### E. Loss of Consortium Claim (Count VII).

Freeport-McMoran argues that Plaintiffs' loss of consortium claim can survive only if it committed a tort against Plaintiffs. Doc. 69 at 21. If the Court grants summary judgment on the intentional infliction of emotional distress claim, it argues, the Court must also grant summary judgment on this claim. Because the Court will not grant summary judgment on the intentional infliction of emotional distress claim, the Court will deny the motion for summary judgment on the loss of consortium claim.

### F. Punitive Damages Claim (Count VIII).

Freeport-McMoran argues that Plaintiffs must establish that it intentionally discriminated with malice or indifference to Ms. Grissom's federally protected rights. Doc. 69 at 22. It argues that it implemented policies prohibiting harassment and discrimination and, as a result, made sufficient good faith efforts to comply. As explained above, however, the Court finds issues of fact on whether Freeport-Mcmoran discriminated against Ms. Grisson and whether it implemented anti-discrimination policies effectively. The Court therefore cannot grant summary judgment on the punitive damages claim.

Freeport-McMoran also argues that it is entitled to summary judgment on the punitive

damages claim based on Plaintiffs' state claims because Plaintiffs cannot show that it acted with an "evil hand . . . guided by an evil mind." *Thompson v. Better-Bilt Aluminum Products Co.*, 832 P.2d 203, 209 (Ariz. 1992). It argues that the Court must consider "the nature of [its] conduct, including the reprehensibility of the conduct and the severity of the harm likely to result, as well as the harm that has occurred[,] . . . the duration of the misconduct, the degree of [its] awareness of the harm or risk of harm, and any concealment of it." Doc. 69 at 22 (quoting *Thompson*, 832 P.2d at 209).

The Court again finds that Freeport-McMoran has failed to meet its burden of showing an absence of a dispute of material fact. Questions of fact preclude the Court from determining that Freeport-McMoran had no evil mind. Indeed, the question of whether Freeport-McMoran was aware of the alleged conduct while Ms. Grissom was still employed is important to the question of whether it had an evil mind. Moreover, the question of why Freeport-McMoran did not have adequate safety equipment for Ms. Grissom when she first started working in the tank house is important. Because there are material disputes of fact, the Court cannot find that Plaintiffs have failed to establish evidence of an evil mind.

**IT IS ORDERED:**

1. Freeport-McMoran's motion for summary judgment (Doc. 69) is **granted in part and denied in part**. The claims now pending before the Court are (1) gender discrimination in violation of Title VII based on Freeport-McMoran's alleged failure to provide proper safety equipment (Count I), (2) sexual harassment in violation of Title VII (Count I), (3) intentional and reckless infliction of emotional distress (Count VI), (4) loss of consortium (Count VII), and (5) punitive damages (Count VIII). The claims no longer pending before the Court are all claims based on ACRA, the gender discrimination claim based on Defendant's alleged failure to pay Ms. Grissom the same wage as her male co-workers (Count III), the claim for retaliation (Count II), the claim for negligent supervision and retention (Count IV), and the claim for assault and sexual assault (Count V).

2. Freeport-McMoran's motion to strike (Doc. 97) is **denied**.

- 13 -

3. The Court shall set a final pretrial conference by separate order.

DATED this 31st day of August, 2010.

_____
David G. Campbell
United States District Judge

- 14 -