**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Grissom, et al., | No. CV-09-0728-PHX-DGC |
| Plaintiffs, | **ORDER** |
| vs. | |
| Freeport-McMoran Morenci, Inc., et al., | |
| Defendants. | |

Defendant Freeport-McMoran has moved for reconsideration of this Court's August 31, 2010 order (Doc. 100) denying in part Defendant's motion for summary judgment. Doc. 101. Defendant argues that Plaintiff Tracey Grissom complained only about "her male co-workers . . . treating her poorly because she is female" and about "the situation," but not about "sexual harassment." Doc. 101 at 7. Accordingly, Defendant reasons, Plaintiff has not shown a genuine dispute of fact about whether she put the employer on notice of sexual harassment. *Id.*

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Stetter v. Blackpool*, No. CV 09-1071-PHX-DGC, 2009 WL 3348522, at *1 (D. Ariz. Oct.15, 2009). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir.2003). Mere disagreement with an order is

1 an insufficient basis for reconsideration. *See Ross v. Arpaio*, 2008 WL 1776502, at *2 (D. Ariz. Apr.15, 2008). Nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis. *Id.*; *see N. W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

Courts in this district have identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence, (2) material factual events have occurred since the Court's initial decision, (3) there has been a material change in the law since the Court's initial decision, or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision. *See, e.g., Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

Defendant's argument fails to satisfy the above factors. As Defendant acknowledges, the Court did consider the relevant statements in the record and in the parties' motions in its August 31 order. Moreover, Defendant does not point to new law requiring a plaintiff to use the words "sexual harassment" explicitly while giving notice to the employer or in its evidence opposing summary judgment.[1] The Court will deny Defendant's motion.

**IT IS ORDERED** that Defendant's motion for reconsideration (Doc. 101) is **denied**.

DATED this 15th day of October, 2010.

_David G. Campbell_
David G. Campbell
United States District Judge

---

[1] Summary judgment in favor of a defendant is not appropriate where plaintiff has shown a genuine factual dispute about whether the defendant was on notice of sexual harassment and failed to respond appropriately. *See Hardage v. CBS Broadcasting, Inc.*, 427 F.3d 1177, 1187 (9th Cir. 2005). As evident from this Court's August 31 order, Plaintiff has made the requisite showing.